# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **PIERRE R. SMITH #806143** | § |
| | § |
| **V.** | §  A-07-CA-265-LY |
| | § |
| **JOE JAMES SAWYER** | § |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has paid the full filing fee for this lawsuit.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff asserts he was convicted of a first degree felony in August 1997. He admits his conviction was affirmed by the Third Court of Appeals and his state habeas application was denied by the Texas Court of Criminal Appeals. Plaintiff explains his criminal defense attorney filed his affidavit in Plaintiff's state habeas corpus action after being ordered to do so by the state court. In his affidavit counsel responded to Plaintiff's claims of ineffective assistance of counsel and swore he had

1

investigated all of the witnesses the state habeas application had alleged counsel had not discovered. Plaintiff challenges the truthfulness of the affidavit. Specifically, Plaintiff alleges counsel never discovered any of the witnesses specified in the state habeas application and asserts those witnesses were discovered for the first time by Plaintiff after his conviction. Plaintiff contends the state habeas application was denied by the Texas courts using counsel's affidavit to establish facts and without any investigation into the correctness of those facts. Plaintiff subsequently filed a federal application for habeas corpus relief, which was also denied. Plaintiff maintains that because counsel's erroneous affidavit was used to support the denial of his federal application for habeas corpus relief, he was denied due process of law in the review of his federal application for habeas corpus relief. Plaintiff sues his defense counsel, Joe James Sawyer. He requests an unspecified amount of damages.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915A

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.     State Actor

The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. Love v. King, 784 F.2d 708, 712 (5th Cir. 1986); Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019, 101 S. Ct. 3009 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. See, Monroe v. Pape, 365 U.S. 167, 184, 81 S. Ct. 473 (1961); accord, Brown v. Miller, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct 183, 186 (1980).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. See O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972); Shapley v. Green, 465 F.2d 874 (5th Cir. 1972). Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law. Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985), cert. denied, 479 U.S. 826, 107 S. Ct. 103 (1986).

Plaintiff contends Defendant Sawyer is a state actor because Sawyer provided the state with a court-ordered affidavit that the state used to resolved issues in Plaintiff's application for habeas corpus relief and the state used the affidavit without any investigation. In his complaint, Plaintiff charges Sawyer with lying in a court-ordered affidavit. Plaintiff makes no allegation of complicity

between his attorney and the state. As such, Plaintiff has not pleaded sufficient facts, if true, that would render Sawyer amenable to suit under 42 U.S.C. § 1983.

    C.    <u>Heck v. Humphrey</u>

Plaintiff's claims are also barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of <u>Heck</u> to state prisoner § 1983 lawsuits in <u>Boyd v. Biggers</u>, 31 F.3d 279 (5th Cir. 1994). In <u>Heck</u>, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Plaintiff's claims are clearly connected to the validity of his conviction and present confinement. He specifically challenges the performance of his criminal defense counsel. He contends had counsel averred truthfully in his affidavit his federal application for habeas corpus relief would have been granted.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of April, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE